IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IVAN J. SKOLNEKOVICH, II                                                              PLAINTIFF

v.                                          CIVIL NO. 11-5128

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ivan J. Skolnekovich, II, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on November 4, 2005, alleging an inability to work since October 14, 2005, due to stroke and seizure. (Tr. 92-94, 118). An administrative hearing was held on May 13, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 31-54).

By written decision dated October 2, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 62). Specifically, the ALJ found Plaintiff had the following severe impairments: history of stroke and seizure disorder. (Tr. 62). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 62). The ALJ found Plaintiff:

> has no exertional limitations. The claimant cannot drive and can have no exposure to hazards, such as unprotected heights and heavy machinery. The claimant can perform unskilled work. The claimant can perform low-stress work (defined as occasional decision making and occasional changes in work place settings).

(Tr. 62). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cashier II, a poultry worker and a fast food worker. (Tr. 67).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence,[1] denied that request on April 7, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

---

[1] Brief submitted by Gregory A. Thurman, Esq., dated November 22, 2009.

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

AO72A (Rev. 8/82)

In the present case, the ALJ found Plaintiff had the following severe impairments: history of stroke and seizure disorder. The ALJ also determined that even with these severe impairments, Plaintiff was able to perform unskilled and low-stress work with some limitations.

The medical evidence revealed that Plaintiff had been diagnosed and treated for a right parietal cavernous angioma[2] and seizure disorder in October of 2005. (Tr. 63). The medical evidence further revealed that during the onset of a seizure, Plaintiff usually experienced a headache that progressed into a migraine headache, chest pain, disorientation, left-sided weakness, memory loss, blurred vision, or difficulty with speech. (Tr. 142, 228, 247). Plaintiff stated that his seizures were not typical grand mal seizures, and were referred to as "spells" by Dr. David Brown and Dr. Craig Cooper. (Tr. 35, 230, 311). After Plaintiff had a seizure, Dr. Ryan Kaplan stated it took two to four days for him to recover, although Plaintiff stated that if he could feel the seizure coming on and got in bed, it only took two days. (Tr. 42, 353).

At the administrative hearing held on May 13, 2009, Plaintiff testified that because he could not predict when he would have a seizure, he could not be left alone with his children. (Tr. 46). Plaintiff testified that on his good days, he could do anything around the household. (Tr. 39). In addition, Plaintiff testified that he had been unable to return to his truck driving jobs because of his driving limitations from the seizures, but he had tried to get a job at Sears after his second stroke, and subsequently mutually agreed that he could not work there because of how much work he missed due to his unpredictable seizures. (Tr. 40).

---

[2] Parietal- Relating to the wall of any cavity. Stedman's Medical Dictionary 1425 (28th ed. 2006).
Cavernous Angioma- Vascular malformation composed of sinusoidal vessels without a large feeding artery. Stedman's Medical Dictionary 87 (28th ed. 2006).

In determining Plaintiff's RFC, the ALJ noted that Plaintiff had a history of noncompliance with Dilantin, his medication prescribed by Plaintiff's treating physician, Dr. David Brown. (Tr. 63-64, 303). At the administrative hearing, Plaintiff testified that he had financial issues that prevented him from always getting the Dilantin as necessary. (Tr. 44). Plaintiff was thereafter prescribed Topamax in June of 2008 by his new treating neurologist, Dr. Ryan Kaplan, and testified at the administrative hearing that he took Topamax regularly, but still had three to four seizures a month. (Tr. 44, 45). There is nothing in the record to indicate Plaintiff was not taking Topamax as prescribed. (Tr. 5-7). In addition, Dr. Dan Bell, of the Eureka Christian Health Outreach, reported on August 27, 2009, that Plaintiff was still having seizures while regularly taking Topamax. (Tr. 7). The fact that Plaintiff was still having seizures, despite apparent compliance with medication, leads the Court to believe remand is necessary for the ALJ to obtain a Physical RFC Assessment from one of Plaintiff's treating neurologists.

On remand, the ALJ is directed to obtain a Physical RFC Assessment from a neurologist who has treated Plaintiff, asking the neurologist to review Plaintiff's medical records; to complete a Physical RFC Assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for his/her opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of June 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)