IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IVAN J. SKOLNEKOVICH, II                                                          PLAINTIFF

V.                                              NO. 11-5128

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                   DEFENDANT

## O R D E R

Plaintiff, Ivan J. Skolnekovich, II, appealed the Commissioner's denial of benefits to this Court. On June 14, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 12). Plaintiff now moves for an award of $ 3,775.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 27.4 attorney hours of work performed before the Court in 2011 and 2012, at an hourly rate of $125.00. Plaintiff also seeks $350.00 in cost reimbursement. (Doc. 15-1). Defendant has filed a response, stating that he does not oppose the requested hourly rate sought, but does object to the excessive number of hours Plaintiff's counsel is requesting. (Doc.17).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

-2-

AO72A
(Rev. 8/82)

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $125.00 for 27.4 hours, which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. The Court finds the hourly rate sought by Plaintiff's counsel is reasonable.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case.

Defendant objects to the following time requested by Plaintiff's counsel, stating the time entries represent clerical tasks:

| | |
|---|---|
| 5/24/11 - Read and review Electronic Notice confirming Complaint filing | .10 min. |
| 5/24/11 - Read and review Electronic Notice confirming Civil Cover Sheet filing | .10 min. |
| 6/8/11 - Letter to Michael Astrue Commissioner of Social Security with Complaint and Summons | .10 min. |
| 6/8/11 - Letter to Michael Mukasey Attorney General of U.S. with Complaint and Summons | .10 min. |
| 6/8/11 - Letter to U.S. Attorney Western District of Arkansas with Complaint and Summons | .10 mins. |
| 6/29/11 - Draft Affidavit of Service and File electonically | .30 mins. |
| 6/29/11 - Read and review Electronic Notice confirming affidavit of service filed | .10 mins. |
| 8/15/11 - Read and review Electronic Notice indicating Defendant's Answer Filed | .10 mins. |
| 8/17/11 - Read and review Electronic Notice Filing of Transcript | .10 mins. |
| 8/17/11 - Read and review Electronic Notice with Scheduling Order | .10 mins. |

      9/15/11 - Read and review Electronic Notice confirming filing of
Plaintiff's brief   .10 mins.

      10/14/11 - Read and Review Electronic Notice of filing of
Defendant's brief   .10 mins.

      6/14/12 - Read and Review Electronic Notice of Memorandum
Opinion   .10 mins.

The Court agrees that these tasks are clerical in nature and cannot be compensated under the EAJA.  Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA).  The Court will therefore deduct 1.6 hours.

    Plaintiff's counsel seeks 15.00 hours for review of the 355 page transcript and preparation of the brief.  Plaintiff's counsel is an experienced social security attorney, and reviewing the 355 page transcript and preparing the appeal brief should not have taken him more than 12 hours.  Accordingly, the amount of 3 hours will be deducted.

    Plaintiff's counsel seeks 2.50 hours for preparation of the EAJA application. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive.  The Court will deduct 1.50 hours from the time claimed.

    The Court will allow reimbursement for $350 for filing fees.

    In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel.  Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

    Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an

attorney's fee under the EAJA for: 21.30 (27.4 hours less 6.1 hours) attorney hours in 2011 and 2012 at an hourly rate of $125.00, for a total attorney's fee award of $2,662.50, plus $350.00 for the filing fee. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 11th day of February, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE